IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATSY REED, | ) | No. CV-F-08-756 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DISMISSING ACTION FOR |
| Plaintiff, | ) | FAILURE TO PROSECUTE AND |
| | ) | COMPLY WITH COURT ORDER, |
| vs. | ) | DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT FOR |
| | ) | DEFENDANTS, AND VACATING |
| STATE OF CALIFORNIA, et al., | ) | ORAL ARGUMENT SET FOR MARCH |
| | ) | 16, 2009 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patsy Reed, proceeding *in pro per*, has filed a Complaint against the State of California Department of Corrections, Chris Chrones, Warden of the Kern Valley State Prison, and Does 1-10, asserting causes of action pursuant to 42 U.S.C. § 1983 for violations of her son's constitutional rights due to his death while an inmate at Kern Valley State Prison.

On July 30, 2008, Defendant Chrones filed a motion to dismiss the Complaint pursuant to Rules 12(b)(5) and (b)(6), Federal Rules of Civil Procedure, for insufficient service of

1

process and failure to state a claim upon which relief can be granted, respectively. The motion to dismiss was noticed for hearing on October 20, 2008. Plaintiff did not file an opposition to the motion to dismiss or a statement of non-opposition as required by Rule 78-230(c), Local Rules of Practice. By Order filed on October 15, 2008, Plaintiff was advised of the requirements of Rule 78-230(c) and of Rule 83-183(a), Local Rules of Practice, that a party appearing *in pro per* is bound by the Federal Rules of Civil Procedure and the Local Rules of Practice. The October 15, 2008 Order specifically ruled:

> Plaintiff is ordered to file either an opposition to the motion to dismiss or a statement of non-opposition to the motion to dismiss within fourteen days following service of this Order. Failure to timely comply will result in the dismissal of this action for failure to comply with this Order and for failure to prosecute. The hearing on Defendant's motion to dismiss is continued from October 20, 2008 to Monday, December 15, 2008.

Plaintiff did not file a timely opposition or statement of non-opposition to the motion to dismiss as required by the October 15, 2008 Order. On December 10, 2008, Plaintiff filed a motion for extension of time to respond to the motion to dismiss. Plaintiff requested a 30 day extension of time in order to retain an attorney to represent her in this action, asserting that she had been in car accident and was prosecuting another case

involving the death of her other son.[1]  Defendant Chrones filed a statement of non-opposition to Plaintiff's request for extension of time.  By minute order filed on December 12, 2008, Plaintiff's request for extension of time was granted and the hearing on the motion to dismiss was continued to March 16, 2009.  The minute order was served on Plaintiff by mail on December 12, 2009.  Pursuant to Rule 78-230(c), Plaintiff's opposition or statement of non-opposition to the motion to dismiss was due on March 2, 2009.

Before imposing dismissal as a sanction under Rule 41(b) the court must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions.  *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).  Dismissal as a sanction should be imposed only in extreme circumstances.  *Id*.  Resolution of a Rule 41(b) motion to

---

[1] The Court takes judicial notice that Plaintiff's lawsuit pertaining to the death of her other son was filed in the United States District Court for the Central District of California, *see Patsy Reed, et al. v. Federal Bureau of Prisons, et al.*, Nos. CV-F-04-151; 04-7165; 05-5930 GPS.  Case No. 04-7165 was dismissed for lack of subject matter jurisdiction in September 2006.  Judgment for Defendants was entered in March 2007 in Case Nos. 04-151 and 05-5930.  Plaintiff's appeal of the judgment was dismissed by the Ninth Circuit on December 11, 2007, for failure to prosecute.  *See* Ninth Circuit docket, Case No. 07-55235.  Plaintiff's assertion that she needed the extension of time because of her prosecution of the other lawsuit is belied by the fact that that litigation was concluded by December 11, 2007.

dismiss usually depends on the third and fifth factors, as the first two usually favor dismissal for violation of a court order, while the fourth factor usually weighs against dismissal, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004). The Ninth Circuit holds that it "may affirm a dismissal where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The public's interest in expeditious resolution of this litigation weighs in favor of dismissal of this action. This action was filed in the Central District of California on March 28, 2008 and was transferred to the Eastern District of California on June 3, 2008. The Complaint alleges events leading to the death of Plaintiff's son in March, 2006.

With regard to the court's need to manage its docket, this factor also weighs in favor of dismissal. The Eastern District of California is one of the busiest district courts in the United States, handling hundreds of cases on an annual basis. Plaintiff's failure to comply with the October 15, 2008 Order, even after being granted an extension of time, prevents a scheduling conference in this action and prevents the case from proceeding. Plaintiff initially failed to file an opposition to the motion to dismiss, was given tow opportunities to do so, and has done nothing. She has not responded to the Court's Order in any way.

The factor of risk of prejudice to the defendants also

4

weighs in favor of dismissal. The Complaint alleges events occurring over two years ago. Plaintiff's failure to comply with the October 15, 2008 Order, even after being granted an extension of time, precludes timely prosecution of this action because no scheduling order can be issued unless the motion to dismiss is resolved on the merits.

With regard to the public policy favoring disposition of cases on their merits, the Ninth Circuit holds that this policy counsels strongly against dismissal and "is particularly important in civil rights cases." *Hernandez*, *supra*, 138 F.3d at 399.

With regard to the availability of less drastic sanctions, this factor weighs in favor of dismissal. The court expressly advised Plaintiff that failure to timely comply with the October 15, 2008 Order would result in the dismissal of this action. *See Malone v. U.S. Postal Service*, 833 F.2d 128-132-133 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988) (warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement).

Three of the four required factors strongly weigh in favor of dismissal of this action pursuant to Rule 41(b).

For the reasons stated:

1. This action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b), Federal Rules of Civil Procedure;

2. The Clerk of the Court is directed to enter JUDGMENT FOR DEFENDANTS.

IT IS SO ORDERED.

Dated: **March 11, 2009**          **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE